UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AVON TWITTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:11-cv-299-WTL-WGH |
| | ) |
| CHARLES LOCKETT, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Alter or Amend Judgment**

This action brought plaintiff under the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), was dismissed without prejudice on January 2, 2013, based on the plaintiff's failure to serve process on the defendants. See *Kromrey v. U.S. Dept. of Justice*, 423 F.App'x 624, 626 (7th Cir. 2011)("Before deciding any case on the merits, a federal court must ensure the presence of both subject-matter jurisdiction and personal jurisdiction . . . . [U]nless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim.").

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *SEC v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007) (citing *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986)). When service of process is insufficient, the court lacks personal jurisdiction over the defendant. *Pike v. Decatur Mem'l Hosp.,* 2005 WL 2100251, at *1 (S.D.Ind. Aug. 26, 2005); *see also Rabiolo v. Weinstein,* 357 F.2d 167, 168 (7th Cir. 1966). In determining whether

service was proper, the Court reviews the facts in a light most favorable to the non-moving plaintiff and may consider affidavits and other documentary evidence. *Pike,* 2005 WL 2100251 at *1. The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011).

> A plaintiff bringing a *Bivens* action sues a federal employee in his or her individual capacity, rather than the governmental agency or entity employing the individual, *Lewellen v. Morley,* 875 F.2d 118, 122 (7th Cir. 1989), and is required to make personal service of process. *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990); *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987). Generally, personal service is effectuated by delivering a copy of the summons and complaint to the individual personally or by leaving the summons and complaint at the individual's dwelling house or usual place of abode with a person of suitable age and discretion. Fed.R.Civ.P. 4(d)(1). Rule 4(c)(2)(C) provides two additional methods of service for individual defendants. First, Rule 4(c)(2)(C)(i) provides that a defendant may be served pursuant to the law of the state in which the district court sits. Second, Rule 4(c)(2)(C)(ii), the federal service provision, provides that a plaintiff can mail a copy of the summons and complaint to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope postage prepaid. Service of the summons and complaint under either method must be made within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(j).

*Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994). In Indiana, service through certified mail can be adequate service of process under the Indiana Trial Rules even if the person who signs the receipt is not the individual to whom the mailing was addressed, but the person signing the receipt must be authorized to do so in order for service of to be effective. *Robinson v. Turner*, 886 F. Supp. 1451, 1456 (S.D.Ind. 1995)

  The record pertaining to this question was developed by the defendants' motion to dismiss and showed that the plaintiff attempted to serve the defendants by certified mail. Persons other than defendants Watts and Lockett signed the return receipts (green cards). The plaintiff argues that the persons who signed the green card were the agents of the defendants for service

of process purposes, but there is no documentation showing this to be the case. Thus, the record was insufficient to show service of process in a *Bivens* action, in which personal service is required.

The entry of judgment was followed by the plaintiff's motion to alter or amend judgment. Based on its timing and content, the post-judgment motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's efforts to serve process on the defendants, nor did it misapply the law to those efforts in finding that dismissal was required. Accordingly, the motion to alter or amend judgment [dkt 31] is **denied.**

IT IS SO ORDERED.

Date: 09/09/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Avon Twitty
5021 A St. SE
Washington, DC 20019

All Electronically Registered Counsel