UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AVON TWITTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:11-cv-299-WTL-WGH |
| | ) |
| CHARLES LOCKETT, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

This cause is before the Court on the Plaintiff Avon Twitty's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (Dkt. No. 40). The motion is now ripe for ruling,[1] and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

## I.   STANDARD

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., Local 72*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

## II.   DISCUSSION

On October 18, 2013, the Court granted the Defendant Charles Lockett's motion for summary judgment after determining that Twitty's complaint was barred by the applicable two-

---

[1] Defendant Charles Lockett did not file a response and the time for doing so has passed.

year statute of limitations. The evidence indicated that Twitty had filed numerous and repetitive grievance forms regarding the application of his good-time credits. Based on the evidence, submitted in large part by Twitty, the Court concluded that Twitty was required to file his complaint, at the very latest, on or before May 22, 2011—two years after he exhausted his administrative remedies in relation to one of the initial grievances on this topic. Twitty, however, did not sign his complaint until October 29, 2011, and the complaint was not filed with the Court until November 3, 2011. As a result, the Court entered judgment in favor of Lockett.

Twitty now argues that his case should be reopened for the following reasons: (1) his failure to comply with the two-year statute of limitations should be excused because he was unable to file his *Bivens* action until his petition for writ of habeas corpus on the same topic was resolved; (2) his complaint is not belated because his claim is against Lockett only—the initial grievance forms regarding his good-time credits were denied by B.R. Jett, the previous warden at FCI Terre Haute; and (3) the grievance forms were not repetitive. Each argument is discussed below.

### A. *Bivens* Action and Petition for Writ of Habeas Corpus

According to Twitty, he filed a petition for writ of habeas corpus on March 5, 2010, based "on the same issue that is before the Court now under *Bivens*." Twitty's Mot. at 3, Dkt. No. 40. After Twitty was released from custody, the Court dismissed his petition for writ of habeas corpus on March 23, 2011, for lack of jurisdiction. Twitty claims that he was unable to file his *Bivens* action "until the Court closed out the petition . . . because it would have been . . . res judicata." *Id.* at 3-4. Even assuming for the moment that Twitty's argument is correct, *see Spina v. Aaron*, 821 F.2d 1126, 1129 (5th Cir. 1987) (leaving issue open as to whether "prisoner may pursue *Bivens*-type claims simultaneously with habeas relief before a single district court

possessing jurisdiction over both types of claims"), Twitty's argument still fails. The Court dismissed his petition for writ of habeas corpus on March 23, 2011. The statute of limitations concerning his good-time credits expired, at the latest, on May 22, 2011. Thus, Twitty still had two months after his petition was dismissed in which to file suit on the issue. Accordingly, Twitty's petition for writ of habeas corpus did not keep him from filing his compliant within the statute of limitations period.

### B.  Grievance Forms Signed by Lockett

Twitty also argues that his claim against Lockett relates only to Lockett's personal "failure to take action and follow the proper Program Statement" concerning the good-time credits. Twitty's Mot. at 5-6. In other words, because the initial grievance forms on the subject— 515077 and 515078—were denied by the previous warden at FCI Terre Haute, B.R. Jett, they could not start the clock on the statute of limitations for a *Bivens* action against Lockett. Rather, according to Twitty, he seeks to hold Lockett responsible only for his denial of grievance number 587132. Grievance number 587132, however, was filed on April 14, 2010, more than two years after his initial grievance on the good-time credit issue, and denied on September 23, 2010, as being repetitive of grievance number 515078 (which was denied on final review on May 22, 2009).

What is important, however, is the underlying issue about which Twitty seeks to hold Lockett responsible, i.e., the misapplication of his good-time credits. According to Twitty, he became aware of his missing good-time credits in 2006 or 2007. *See* Twitty's Compl. at ¶¶ 5-6. Thereafter, in early 2009, when Jett was the warden at FCI Terre Haute, Twitty began filing grievance forms regarding the calculation of his good-time credits. He continued to file grievance forms regarding the misapplication of his good-time credits after Lockett replaced Jett

as the warden. However, the fact that the warden changed during Twitty's stay at FCI Terre Haute did not delay the start of the statute of limitations on this *issue*. *See Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012) (statute of limitations begins to run when grievance process complete); *see also Hafer v. Nat'l R.R. Passenger Corp.*, 210 F.3d 361 (4th Cir. 2000) (repetitive use of grievance process in labor dispute did not extend statute of limitations). In order to retain his ability to sue the warden at FCI Terre Haute on the issue of his good-time credits, he should have done so within the two-year statute of limitations. To hold otherwise, an inmate could continuously delay the statute of limitations on this issue every time a new warden is appointed.

### C.  Grievance Forms Not Repetitive

Lastly, Twitty argues that the grievance forms in question "are not the same in nature." Twitty's Mot. at 9-10. The Court does not agree. Each grievance form submitted by Twitty and discussed by the Court dealt with the application of his good-time credits. Although the number of credits may have changed from grievance to grievance, the underlying issue did not.

### III.  CONCLUSION

For the foregoing reasons, Twitty's motion for reconsideration is **DENIED**.

SO ORDERED: 12/13/2013

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


**Copy by US Mail to:**

    **Avon Twitty**
    **5021 A St SE**
    **Washington, DC 20019**

Copies to all counsel of record via electronic communication.